IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN DOE, A MINOR, THROUGH HIS, PARENT AND GUARDIAN, MARY DOE, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 1:25-CV-00005 |
| HAMILTON COUNTY DEPARTMENT OF EDUCATION, ) ) ) ) | |
| Defendant. ) | |

## ANSWER OF DEFENDANT HAMILTON COUNTY DEPARTMENT OF EDUCATION

Defendant Hamilton County Department of Education hereby appears by and through counsel, and for its Answer to the Complaint filed against it would state as follows:

As the Complaint admits, Plaintiff John Doe, while in class, made a threat to blow up a school. The Defendant immediately began a threat assessment and notified a School Resource Officer employed by Hamilton County of the statement made by Doe. At the conclusion of the Defendant's assessment, it was determined that John Doe would not receive any punitive discipline by the school system as a result of his statement. A member of the Hamilton County Sheriff's Office, based upon his or her own discretion, made the decision to seize and take Plaintiff Doe into custody. The Defendant Hamilton County Department of Education cannot be liable for merely notifying law enforcement of a threat or perceived threat. See *Newcomb v. Williamson Cnty. Sch. Bd. of Educ. & Stacey Edmondson*, No. 3:24-CV-00631, 2024 WL 4859688, at *10

(M.D. Tenn. Nov. 21, 2024) (citing *S.S. v. E. Kentucky Univ.*, 431 F.Supp.2d 718 (E.D. KY. 2006), *aff'd*, 532 F.3d 445 (6th Cir. 2008)).

1. In response to Paragraph 1 of the Plaintiff's Complaint, it is admitted upon information and belief that John Doe is a citizen or resident of Hamilton County and that he attended public school in Hamilton County during the time period at issue in the Complaint. The allegations regarding Mary Doe and her capacity to bring suit on John Doe's behalf outside the course and scope of this Defendant's knowledge. The allegations are denied and placed at issue, with strict proof required thereof.

2. The allegations contained in Paragraph 2 of the Plaintiff's Complaint are admitted.

3. As for the allegations contained in Paragraph 3 of the Plaintiff's Complaint, this paragraph contains legal allegations to which no response is required, and none is given. To the extent this paragraph contains any factual allegations, the same are denied. It is specifically denied that the Defendant violated any right of the Plaintiff secured by the Constitution. It is admitted that the Federal Courts have jurisdiction for claims arising under 42 USC § 1983.

4. As to the allegations contained in Paragraph 4 of the Plaintiff's Complaint, venue is not contested.

5. The allegations contained in Paragraph 5 of the Plaintiff's Complaint are denied as written. It is admitted that Plaintiff John Doe made statements generally to include a threat that if teachers opened a backpack, it would blow up the school.

6. In response to Paragraph 6 of the Plaintiff's Complaint, it is admitted that when the backpack was searched, no bomb was found. It is admitted that the contents of the backpack included a plush animal toy. Any remaining allegations are denied.

7. In response to Paragraph 7 of the Plaintiff's Complaint, it is maintained that it was reasonable to notify law enforcement of the statement by John Doe. It is admitted that the incident was reported to the Hamilton County School Resource Officer. It is admitted that the Hamilton County Officer made the decision to take John Doe into custody. Any remaining allegations are denied.

8. In response to Paragraph 8 of the Plaintiff's Complaint, this paragraph contains legal conclusions or opinions to which no response is required, and none is given. Foregoing notwithstanding, to the extent additional response is necessary, it is denied that the statement was taken out of context. Any remaining allegations are denied.

9. In response to Paragraph 9 of the Plaintiff's Complaint, it is denied that John Doe was expelled. It is admitted that the Hamilton County Officer made the decision to take John Doe into custody. It is admitted that no bomb was discovered in Doe's backpack. It is denied that the statement was taken out of context. Any remaining allegations are denied.

10. The allegations contained in Paragraph 11 of the Plaintiff's Complaint are denied.

11. The allegations contained in Paragraph 11 of the Plaintiff's Complaint are denied.

12. In response to Paragraph 12 of the Plaintiff's Complaint, the records of the student are confidential pursuant to Federal law. It is admitted that Doe received services and support. It is denied that the Defendant took any action in violation of state law. Any remaining allegations are denied.

13. The allegations contained in Paragraph 13 of the Plaintiff's Complaint are denied.

14. In response to Paragraph 14 of the Plaintiff's Complaint, the records of the student are confidential pursuant to Federal law. It is admitted that Doe was in class on August 8, 2024 and that he received services and support. Any remaining allegations are denied.

15. In response to Paragraph 15 of the Plaintiff's Complaint, it is admitted that Plaintiff John Doe made statements generally to include a threat that if teachers opened a backpack, it would blow up the school. It is admitted that when the backpack was searched, no bomb or weapon was found. It is admitted that the contents of the backpack included a plush animal toy. Any remaining factual allegations are denied.

16. In response to Paragraph 16 of the Plaintiff's Complaint, the records of the student are confidential pursuant to Federal law. It is denied that stating that if teachers opened a backpack, it would blow up the school is innocuous. It is admitted that Doe's teacher reported the threat to school administrators. Any remaining allegations are denied.

17. In Response to Paragraph 17 of the Plaintiff's Complaint, it is maintained that it was reasonable to notify law enforcement of the statement by John Doe. It is admitted that the incident was reported to the Hamilton County School Resource Officer. It is denied that the School Resource Officer is an agent or employee of the Defendant. It is admitted that the Hamilton County Officer made the decision to take John Doe into custody. It is admitted that when the school threat assessment team later met, they did not determine the threat to be credible. It is denied that the Complaint accurately described Exhibit A. Any remaining allegations are denied.

18. In response to Paragraph 18 of the Plaintiff's Complaint, it was reasonable to believe the statement by John Doe constituted a threat of mass violence under Tennessee law. It is

4

denied that Doe was isolated. It is admitted that that the Hamilton County Officer made the decision to take John Doe into custody and did so. Any remaining allegations are denied.

19. In response to Paragraph 19 of the Plaintiff's Complaint, it is admitted that the Defendant contacted Doe's mother to advise he had been taken into custody by Hamilton County.

20. In response to Paragraph 20 of the Plaintiff's Complaint, these allegations are outside the course and scope of this Defendant's knowledge. The allegations are denied and placed at issue, with strict proof required thereof.

21. In response to Paragraph 21 of the Plaintiff's Complaint, it is denied that Doe was expelled. It is admitted that Plaintiff Doe was absent from school for a short period until the school completed its assessment and meeting with Mary Doe. It is admitted that following that meeting, the Defendant advised Doe's mother that Doe could return to school. It is admitted that Doe's mother chose not to return Doe to the school. It is admitted that Doe eventually enrolled at another middle school. Any remaining allegations are denied.

22. The allegations contained in Paragraph 22 of the Plaintiff's Complaint are denied. Following the assessment and meeting with Mary Doe, the Defendant advised Doe's mother that Doe could return to school. Doe's mother chose not to return Doe to the school. It is denied that Doe missed eight weeks of school.

23. In response to Paragraph 23 of the Plaintiff's Complaint, allegations related to John Doe's intent are outside the course and scope of this Defendant's knowledge. It is maintained that it was reasonable to believe the statement by John Doe constituted a threat of mass violence under Tennessee law. It is admitted no bomb was discovered in Doe's backpack. The allegations related to Doe's entire history, knowledge, tools and plans are outside of the course and scope of the

5

Defendant's knowledge. It is maintained Doe did not receive any punitive discipline by the Defendant. The allegations are denied and placed at issue, with strict proof required thereof.

24. In response to Paragraph 24 of the Plaintiff's Complaint, the records of the student are confidential pursuant to Federal law. It is maintained Doe did not receive any punitive discipline by the Defendant. It is denied that the Complaint accurately described Exhibit A. Any remaining allegations are denied.

25. In response to Paragraph 25 of the Plaintiff's Complaint, these allegations are outside the course and scope of this Defendant's knowledge. This Defendant did not make the decision to charge Doe, did not make the decision to arrest Doe, and did not arrest Doe.

26. In response to Paragraph 26 of the Plaintiff's Complaint, this paragraph contains legal allegations to which no response is required, and none is given. The laws of the State of Tennessee speak for themselves.

27. In response to Paragraph 27 of the Plaintiff's Complaint, this paragraph contains legal allegations to which no response is required, and none is given. The laws of the State of Tennessee speak for themselves.

28. In response to Paragraph 28 of the Plaintiff's Complaint, these allegations are outside the course and scope of this Defendant's knowledge. The allegations are denied and placed at issue, with strict proof required thereof.

29. In response to Paragraph 29 of the Plaintiff's Complaint, this paragraph contains opinions and/or legal allegations to which no response is required, and none is given. The laws of the State of Tennessee speak for themselves.

30. In response to Paragraph 30 of the Plaintiff's Complaint, this paragraph contains opinions and/or legal allegations to which no response is required, and none is given. The laws of the State of Tennessee speak for themselves. The records of the student are confidential pursuant to Federal law. Any remaining allegations are denied.

31. In response to Paragraph 31 of the Plaintiff's Complaint, this paragraph contains opinions and/or legal allegations to which no response is required, and none is given. The laws of the State of Tennessee speak for themselves. This Defendant conducted all assessments in compliance with state law. It is maintained Doe did not receive any punitive discipline by the Defendant.

32. In response to Paragraph 32 of the Plaintiff's Complaint, it is admitted that the Defendant has adopted a Code of Acceptable Behavior and Discipline (COAB). It is admitted that Board Policy 6.309 identifies zero tolerance offenses. The policy speaks for itself and is the best evidence thereof. It is denied that this Defendant charged Doe, arrested Doe or violated Doe's constitutional rights. It is denied that Doe received any punitive discipline as a result of the incident. The remaining allegations are denied.

33. In response to Paragraph 33 of the Plaintiff's Complaint, these allegations are outside the course and scope of this Defendant's knowledge. The allegations are denied and placed at issue, with strict proof required thereof. It is denied that this Defendant charged Doe, arrested Doe or violated Doe's constitutional rights.

34. In response to Paragraph 34 of the Plaintiff's Complaint, this paragraph contains legal allegations to which no response is required, and none is given. The laws of the State of Tennessee speak for themselves. It is denied that this Defendant isolated Doe, physically restrained

Doe, or violated any state statute. It is denied that the Student Resource Officer is an employee of this Defendant.

35. In response to Paragraph 35 of the Plaintiff's Complaint, the allegations are denied.

36. In response to Paragraph 36 of the Plaintiff's Complaint, this paragraph contains legal allegations to which no response is required, and none is given. To the extent this paragraph contains factual conclusions, the same are denied.

37. In response to Paragraph 37 of the Plaintiff's Complaint, the allegations are denied.

38. In response to Paragraph 38 of the Plaintiff's Complaint, it is admitted that Doe's teacher was eventually able to continue teaching after Doe left the classroom. It is denied that Doe's statement did not disrupt the class.

39. The allegations contained in Paragraph 39 of the Plaintiff's Complaint are denied.

40. The allegations contained in Paragraph 40 of the Plaintiff's Complaint are denied.

41. In response to Paragraph 41 of the Plaintiff's Complaint, this paragraph contains legal allegations to which no response is required, and none is given. To the extent this paragraph contains factual conclusions, the same are denied.

42. The allegations contained in Paragraph 42 of the Plaintiff's Complaint are denied as written. It is denied that this Defendant charged Doe, arrested Doe or violated Doe's constitutional rights.

43. In response to Paragraph 43 of the Plaintiff's Complaint, this paragraph contains legal allegations to which no response is required, and none is given. Any factual allegations are denied.

44. In response to Paragraph 44 of the Plaintiff's Complaint, these allegations are outside the course and scope of this Defendant's knowledge. It is maintained that it was reasonable to notify law enforcement of the statement by John Doe. It is denied that Doe was expelled or received any punitive discipline. The allegations are denied and placed at issue, with strict proof required thereof. It is denied that Doe was expelled.

45. This Defendant reaffirms, restates, and continues to maintain each and every admission or denial previously raised in Paragraphs 1 through 44. To the extent that this Defendant has not specifically admitted or denied an allegation in Paragraph 1 through 44, then said claims, allegations, or assertions made against it are now fully and completely denied as if the same is specifically set out herein.

46. The allegations contained in Paragraph 46 of the Plaintiff's Complaint are denied.

47. The allegations contained in Paragraph 47 of the Plaintiff's Complaint are denied.

48. This Defendant reaffirms, restates, and continues to maintain each and every admission or denial previously raised in Paragraphs 1 through 47. To the extent that this Defendant has not specifically admitted or denied an allegation in Paragraph 1 through 47, then said claims, allegations, or assertions made against it are now fully and completely denied as if the same is specifically set out herein.

49. The allegations contained in Paragraph 49 of the Plaintiff's Complaint are denied.

50. The allegations contained in Paragraph 50 of the Plaintiff's Complaint are denied.

51. Plaintiff's Prayer for Relief does not state a claim and is without merit. It is denied that Plaintiff is entitled to trial by jury for any claims arising pursuant to the Tennessee Governmental Tort Liability Act.

52. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

53. Plaintiff is not entitled to recover attorney fees. The Defendant seeks its attorney fees pursuant to 42 U.S.C. § 1988.

54. Plaintiff has not pled facts to establish deliberate indifference.

55. Plaintiff has not pled facts to establish a sufficient deprivation of liberty or property to implicate substantive due process. The actions of the Defendant were not arbitrary. All actions of the Defendant were rationally related to Plaintiff's actions.

56. Plaintiff's claims are barred by a failure to exhaust any available appeals or administrative remedies.

57. Plaintiff is not entitled to recover any costs as a prevailing party if he recovers nominal damages.

58. Plaintiff's claims are subject to dismissal based upon Rule 12(b)(1) because there is no justiciable case or controversy before the court between the parties.

59. To the extent the Defendant acted as an arm of the state in enforcing zero-tolerance provisions of state law, the Defendant is entitled to sovereign immunity.

60. The Defendant is immune to the state law tort claims based upon sovereign immunity and the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-201, *et seq*.

61. The Defendant invokes the state law defense and Doctrine of Good Faith State Law Immunity.

62. The Plaintiff failed to mitigate any alleged damages.

63. The Defendant at all times complied with relevant state and federal law.

64. The Defendant raises the statute of limitations as a defense to any claims falling outside of said statute.

65. This Defendant cannot be held liable under any theory for any damages arising from the seizure and arrest of the Plaintiff by agents or employees of Hamilton County or the Hamilton County Sheriff's Office.

66. Anything not previously admitted or denied is hereby denied as if the same is specifically set out herein.

67. The Defendant reserves the right to amend this Answer pursuant to further investigation and discovery in this case.

Now having fully Answered, the Defendant requests that the claims against it be dismissed with costs taxed to Plaintiff.

RESPECTFULLY submitted this 17th day of February 2025.

HAMILTON COUNTY DEPARTMENT OF EDUCATION

By: /s/*Dan R. Pilkington*
DAN R. PILKINGTON, BPR No. 024660
ELISE M. DeNICOLA, BPR No. 042096
WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.
1500 Riverview Tower
900 South Gay Street, P.O. Box 131
Knoxville, Tennessee 37901-0131
(865) 637-1700
dpilkington@watsonroach.com
edenicola@watsonroach.com

11

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

Buddy B. Presley, Jr., Esq.
PRESLEY LAW FIRM
1384 Gunbarrel Road, Suite A
Chattanooga, Tennessee 37421

Dated this 17th day of February 2025.

                                    /s/*Dan R. Pilkington*
                                    DAN R. PILKINGTON, BPR No. 024660