# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| **JOHN DOE, A MINOR, THOROUGH HIS PARENT AND GUARDIAN, MARY DOE,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **No. 1:25-CV-00005** |
| **HAMILTON COUNTY DEPARTMENT OF EDUCATION,** | ) ) ) | |
| **Defendant.** | ) ) | |

## ANSWER OF DEFENDANT HAMILTON COUNTY DEPARTMENT OF EDUCATION TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Hamilton County Department of Education ("HCDE") hereby appears, by and through counsel, and for its Answer to the First Amended Complaint filed against it would state as follows:

As the Complaint admits, Plaintiff John Doe, while in class, made a threat to blow up a school. The Defendant immediately began a threat assessment and notified a School Resource Officer employed by Hamilton County of the statement made by Doe. At the conclusion of the Defendant's assessment, it was determined that John Doe would not receive any punitive discipline by the school system as a result of his statement.

A member of the Hamilton County Sheriff's Office, based upon his or her own discretion and investigation, made the independent decision to seize and take Plaintiff Doe into custody, determining that probable cause existed to charge Doe with a criminal offense. The Defendant Hamilton County Department of Education does not employee and does not control the actions of

the Hamilton County Sheriff's Office. The Department of Education did not arrest Doe. It did not participate in the decision to Arrest Doe. The Department of Education cannot be held liable under the law for the independent decision of law enforcement to take Doe into custody. See *Newcomb v. Williamson Cnty. Sch. Bd. of Educ. & Stacey Edmondson*, No. 3:24-CV-00631, 2024 WL 4859688, at *10 (M.D. Tenn. Nov. 21, 2024) (citing *S.S. v. E. Kentucky Univ.*, 431 F.Supp.2d 718 (E.D. Ky. 2006), *aff'd*, 532 F.3d 445 (6th Cir. 2008)).

For purposes of protecting the confidentiality of John Doe and others, the Defendant generally objects to responding to allegations within the Complaint related to student records which are confidential pursuant to the Family Educational Rights and Privacy Act and/or other applicable state or federal law. It is admitted that HCDE maintains records related to students, including Plaintiff Doe. It is generally admitted that HCDE would be in possession of records related to documented disabilities or impairment of students, including any student with an Individualize Education Plan (IEP).

1.     In response to Paragraph 1 of the Plaintiffs' Amended Complaint, it is admitted upon information and belief that John Doe is a citizen or resident of Hamilton County and that he attended public school in Hamilton County during the time period at issue in the Complaint. The allegations regarding Mary Doe and her capacity to bring suit on John Doe's behalf are outside the course and scope of this Defendant's knowledge. The allegations are denied and placed at issue, with strict proof required thereof.

2.     The allegations contained in Paragraph 2 of the Plaintiffs' Amended Complaint are admitted.

3.     As for the allegations contained in Paragraph 3 of the Plaintiffs' Amended Complaint, this paragraph contains legal allegations to which no response is required, and none is

given. To the extent this paragraph contains any factual allegations, the same are denied. It is specifically denied that the Defendant violated any right of the Plaintiffs secured by the Constitution or federal law. It is admitted that the Federal Courts have jurisdiction for claims arising under federal question and federal statutes.

4.    As to the allegations contained in Paragraph 4 of the Plaintiffs' Amended Complaint, venue is not contested.

5.    In response to Paragraph 5 of the Plaintiffs' Amended Complaint, the records of the student are confidential pursuant to Federal law. It is admitted that Plaintiff John Doe made statements generally to include a threat that if teachers opened a backpack, it would blow up the school. It is admitted that it was later discovered that the backpack did not contain an explosive device. Any remaining allegations are denied.

6.    In response to Paragraph 6 of the Plaintiffs' Amended Complaint, the allegations contained in this paragraph are denied as written. It is maintained that the custom and practice of HCDE complies with state and federal law. Specifically, Tenn. Code Ann. § 39-16-517 provided that "Any person who has knowledge of a threat of mass violence on school property or at a school-related activity shall report the threat immediately to . . . The local law enforcement agency with jurisdiction over the school property or school related activity. . ." It is denied that reporting the statement of Doe to law enforcement criminalized the statement or mandated the seizure and/or arrest of John Doe by law enforcement.

7.    In response to the allegations contained in Paragraph 7 of the Plaintiffs' Amended Complaint, it is admitted that an officer of the Hamilton County Sheriff's Office made the independent decision to seize, take custody of, and charge John Doe. It is denied that this

Defendant charged Doe, arrested Doe, or violated Doe's constitutional rights. It is denied that this Defendant removed Doe from the school.

8.      In response to Paragraph 8 of the Plaintiffs' Amended Complaint, the allegations are denied.

9.      In response to Paragraph 9 of the Plaintiffs' Amended Complaint, it is admitted that Doe is a minor. It is admitted that HCDE maintains records related to students. It is generally admitted that HCDE would be in possession of records related to documented disabilities or impairment of students, including any student with an Individualize Education Plan (IEP). The records of the student, including any related to a disability, are confidential pursuant to Federal law. The remaining allegations contain legal conclusions and do not state a claim for relief. The allegations are denied as written, with strict proof required thereof.

10.      In response to Paragraph 10 of the Plaintiffs' Amended Complaint, the records of the student are confidential pursuant to Federal law. Any remaining allegations are denied.

11.      In response to Paragraph 11 of the Plaintiffs' Amended Complaint, the records of the student are confidential pursuant to Federal law. Any remaining allegations are denied.

12.      In response to Paragraph 12 of the Plaintiffs' Amended Complaint, the records of the student are confidential pursuant to Federal law. Any remaining allegations are denied.

13.      In response to Paragraph 13 of the Plaintiffs' Amended Complaint, it is admitted that HCDE maintains records related to students. It is generally admitted that HCDE would be in possession of records related to documented disabilities or impairment of students, including any student with an Individualize Education Plan (IEP). The records of the student, including any related to a disability, are confidential pursuant to Federal law.

14.     In response to Paragraph 14 of the Plaintiffs' Amended Complaint, these allegations are outside the course and scope of this Defendant's knowledge. The allegations and picture included in Plaintiffs' Complaint do not state a claim. To the extent further response is required, the allegations are denied and placed at issue, with strict proof required thereof.

15.     In response to Paragraph 15 of the Plaintiffs' Amended Complaint, it is admitted that Doe brought a stuffed plush to school on the day in question. The remaining allegations are outside the course and scope of this Defendant's knowledge. The allegations are denied and placed at issue, with strict proof required thereof.

16.     In response to Paragraph 16 of the Plaintiffs' Amended Complaint, it is admitted that Doe made statements generally to include a threat that if teachers opened a backpack, it would blow up the school. The remaining allegations are outside the course and scope of this Defendant's knowledge. The allegations are denied and placed at issue, with strict proof required thereof.

17.     In response to Paragraph 17 of the Plaintiffs' Amended Complaint, it is admitted that when the backpack was searched, no bomb or explosive device was found. It is admitted that the contents of the backpack included a plush animal toy. Any remaining allegations are denied.

18.     In response to Paragraph 18 of the Plaintiffs' Amended Complaint, it is admitted that HCDE performed a threat assessment. It is admitted that the threat assessment ultimately determined the statement to be a false threat. Any remaining allegations are denied.

19.     In response to Paragraph 19 of the Plaintiffs' Amended Complaint, the allegations are denied as written. It is maintained that the custom and practice of HCDE complies with state and federal law.

20.     In response to Paragraph 20 of the Plaintiffs' Amended Complaint, the allegations are denied. It is maintained that when HCDE became aware of the statement made by Doe that if

anyone opened his backpack, it would blow up the school, law enforcement was notified. It is maintained that HCDE also conducted a threat assessment.

21.     In response to Paragraph 21 of the Plaintiffs' Amended Complaint, to the extent this paragraph contains opinions or allegations inconsistent with state law, the same are denied and placed at issue with strict proof required thereof. The laws of the State of Tennessee speak for themselves. All remaining allegations are denied as written with strict proof required thereof.

22.     In response to Paragraph 22 of the Plaintiffs' Amended Complaint, the laws of the State of Tennessee speak for themselves. To the extent this paragraph contains opinions or allegations inconsistent with state law, the same are denied and placed at issue with strict proof required thereof. Any remaining allegations are denied as written.

23.     In response to Paragraph 23 of the Plaintiffs' Amended Complaint, the laws of the State of Tennessee speak for themselves. The remaining allegations are outside the course and scope of this Defendant's knowledge. The allegations are therefore denied and placed at issue, with strict proof required thereof.

24.     In response to Paragraph 24 of the Plaintiffs' Amended Complaint, the laws of the State of Tennessee speak for themselves. To the extent that this paragraph contains opinions or allegations inconsistent with state law, the same are denied and placed at issue with strict proof required thereof. All remaining allegations are denied.

25.     In response to Paragraph 25 of the Plaintiffs' Amended Complaint, this paragraph contains legal allegations to which no response is required, and none is given. The laws of the State of Tennessee speak for themselves. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

26.     In response to Paragraph 26 of the Plaintiffs' Amended Complaint, this paragraph contains opinions and/or legal allegations to which no response is required, and none is given. The laws of the State of Tennessee speak for themselves. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

27.     In response to Paragraph 27 of the Plaintiffs' Amended Complaint, it is admitted only the Hamilton County Sheriff's Office positions Student Resource Officers within HCDE schools. It is admitted that a MOU exists related to SROs. The remaining allegations are denied and placed at issue, with strict proof required thereof.

28.     In response to Paragraph 28 of the Plaintiffs' Amended Complaint, it is admitted that when the school threat assessment team met, they did not determine the threat to be credible. It is further maintained that it was reasonable to notify law enforcement of the statement by John Doe. All remaining allegations are denied.

29.     In response to Paragraph 29 of the Plaintiffs' Amended Complaint, it is admitted that when HCDE became aware of the statement made by Doe that if anyone opened his backpack, it would blow up the school, law enforcement was notified. It is admitted that a member of the Hamilton County Sheriff's Office, based upon his or her own discretion, made the decision to seize and take Plaintiff Doe into custody. It is maintained that for purposes of the safety of students, it is reasonable and appropriate to report such statements to law enforcement. It is denied that HCDE made any false report. Any remaining allegations in this paragraph are denied as written with strict proof required thereof.

30.     In response to Paragraph 30 of the Plaintiffs' Amended Complaint, the allegations contained in this paragraph are denied.

31.     In response to Paragraph 31 of the Plaintiffs' Amended Complaint, it is admitted that Doe was briefly not permitted to attend class pending a determination by the Manifestation Determination Review. All remaining allegations are denied and placed at issue, with strict proof required thereof.

32.     In response to Paragraph 32 of the Plaintiffs' Amended Complaint, the records of the student, including any related to a disability, are confidential pursuant to Federal law. It is admitted that a Manifestation Determination Review meeting was held on August 12, 2024. All remaining allegations are denied and placed at issue, with strict proof required thereof.

33.     In response to Paragraph 33 of the Plaintiffs' Amended Complaint, it is denied that Doe was expelled or received any punitive discipline. Section 504 of the Rehabilitation Act speaks for itself. To the extent that any allegations are inconsistent with the language of Section 504 of the Rehabilitation Act, said allegations are denied. The remaining allegations are denied as written.

34.     In response to Paragraph 34 of the Plaintiffs' Amended Complaint, these allegations are denied and placed at issue, with strict proof required thereof.

35.     In response to Paragraph 35 of the Plaintiffs' Amended Complaint, the allegations are denied and placed at issue, with strict proof required thereof.

36.     In response to Paragraph 36 of the Plaintiffs' Amended Complaint, the allegations are denied and placed at issue, with strict proof required thereof.

37.     In response to Paragraph 37 of the Plaintiffs' Amended Complaint, this paragraph contains opinions and/or legal allegations to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

38.     In response to Paragraph 38 of the Plaintiffs' Amended Complaint, this paragraph contains opinions and/or legal allegations to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

39.     In response to Paragraph 39 of the Plaintiffs' Amended Complaint, the allegations contained in this paragraph are denied as written.

40.     In response to Paragraph 40 of the Plaintiffs' Amended Complaint, this paragraph contains opinions and/or legal allegations to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

41.     In response to Paragraph 41 of the Plaintiffs' Amended Complaint, this paragraph contains opinions and/or legal allegations to which no response is required, and none is given. It is affirmatively maintained that this Defendant did not violate any federal law or Doe's constitutional rights. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

42.     In response to Paragraph 42 of the Plaintiffs' Amended Complaint, it is admitted that the Principal communicated with John Doe's family. It is denied that the allegations accurately describe the relevant communications. All remaining allegations are denied.

43.     In response to Paragraph 43 of the Plaintiffs' Amended Complaint, the allegations contained in this paragraph are denied.

44.     In response to Paragraph 44 of the Plaintiffs' Amended Complaint, this paragraph contains legal allegations to which no response is required, and none is given. To the extent that

this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

45.     In response to Paragraph 45 of the Plaintiffs' Amended Complaint, this paragraph contains legal allegations to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

46.     In response to Paragraph 46 of the Plaintiffs' Amended Complaint, the records of the student are confidential pursuant to Federal law. This paragraph contains legal conclusions to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

47.     In response to Paragraph 47 of the Plaintiffs' Amended Complaint, the records of the student are confidential pursuant to Federal law. This paragraph contains legal allegations to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

48.     In response to Paragraph 48 of the Plaintiffs' Amended Complaint, this paragraph contains legal allegations to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

49.     In response to Paragraph 49 of the Plaintiffs' Amended Complaint, this paragraph contains legal allegations to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

50.     In response to Paragraph 50 of the Plaintiffs' Amended Complaint, this paragraph contains legal allegations to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

51.     In response to Paragraph 51 of the Plaintiffs' Amended Complaint, this paragraph contains opinions and/or legal allegations to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

52.     In response to Paragraph 52 of the Plaintiffs' Amended Complaint, the allegations contained in this paragraph are denied.

53.     In response to Paragraph 53 of the Plaintiffs' Amended Complaint, the allegations contained in this paragraph are denied.

54.     In response to Paragraph 54 of the Plaintiffs' Amended Complaint, this paragraph contains legal allegations to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

55.     In response to Paragraph 55 of the Plaintiffs' Amended Complaint, the records of the student are confidential pursuant to Federal law. This paragraph contains legal conclusions to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

56.     In response to Paragraph 56 of the Plaintiffs' Amended Complaint the records of the student are confidential pursuant to Federal law. This paragraph contains legal conclusions to

which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

57.     In response to Paragraph 57 of the Plaintiffs' Amended Complaint, this paragraph contains legal conclusions to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

58.     In response to Paragraph 58 of the Plaintiffs' Amended Complaint, this paragraph contains legal conclusions or opinions to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

59.     In response to Paragraph 59 of the Plaintiffs' Amended Complaint, the allegations contained in this paragraph are denied.

60.     In response to Paragraph 60 of the Plaintiffs' Amended Complaint, the allegations contained in this paragraph are denied.

61.     In response to Paragraph 61 of the Plaintiffs' Amended Complaint, this paragraph contains legal conclusions or opinions to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

62.     In response to Paragraph 62 of the Plaintiffs' Amended Complaint, it is denied that Doe's statement that his backpack would blow up the school did not substantially and materially disrupt the classroom. Any remaining allegations are denied.

63.     In response to Paragraph 63 of the Plaintiffs' Amended Complaint, it denied that Doe's statement that his backpack would blow up the school did not disrupt the classroom. Doe

was immediately removed from class and a threat assessment was thereafter performed. The threat assessment team ultimately determined the threat not to be credible. This information was conveyed to the Hamilton County Sheriff's Office.

64. In response to Paragraph 64 of the Plaintiffs' Amended Complaint, the allegations contained in this paragraph are denied.

65. In response to Paragraph 65 of the Plaintiffs' Amended Complaint, the allegations contained in this paragraph are denied.

66. In response to Paragraph 66 of the Plaintiffs' Amended Complaint, this paragraph contains legal allegations to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

67. In response to Paragraph 67 of the Plaintiffs' Amended Complaint, it is admitted upon information and belief that John Doe is a United States citizen. The remaining allegations contain legal conclusions or opinions to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

68. In response to Paragraph 68 of the Plaintiffs' Amended Complaint, this paragraph contains legal conclusions or opinions to which no response is required, and none is given. To the extent that this paragraph contains factual allegations, the same are denied and placed at issue, with strict proof required thereof.

69. In response to Paragraph 69 of the Plaintiffs' Amended Complaint, the records of the student are confidential pursuant to Federal law. The allegations contained in this paragraph are denied and placed at issue, with strict proof required thereof.

70.     In response to Paragraph 70 of the Plaintiffs' Amended Complaint, the allegations contained in this paragraph are denied.

71.     In response to Paragraph 71 of the Plaintiffs' Amended Complaint, the allegations contained in this paragraph are denied.

72.     Plaintiffs' Prayer for Relief does not state a claim and is without merit. The Defendant denies that it is liable to the Plaintiffs under any theory whatsoever. The Defendant denies that the Plaintiffs are entitled to any award of damages, costs, or any other relief against it.

73.     Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

74.     Plaintiffs are not entitled to recover attorneys' fees. The Defendant seeks its attorneys' fees pursuant to 42 U.S.C. § 1988.

75.     Plaintiffs have not pled facts to establish deliberate indifference.

76.     Plaintiffs have not pled facts to establish a sufficient deprivation of liberty or property to implicate due process. The actions of the Defendant were not arbitrary. All actions of the Defendant were rationally related to Plaintiffs' actions.

77.     Plaintiffs' claims are barred by a failure to exhaust any available appeals or administrative remedies.

78.     Plaintiffs are not entitled to recover any costs as a prevailing party if they recover nominal damages.

79.     Plaintiffs' claims are subject to dismissal based upon Rule 12(b)(1) because there is no justiciable case or controversy before the court between the parties.

80.     To the extent the Defendant acted as an arm of the state in enforcing zero-tolerance provisions of state law, the Defendant is entitled to sovereign immunity.

81.     The Defendant invokes the state law defense and Doctrine of Good Faith State Law Immunity.

82.     The Plaintiffs failed to mitigate any alleged damages.

83.     The Defendant at all times complied with relevant state and federal law.

84.     The Defendant raises the statute of limitations as a defense to any claims falling outside of said statute.

85.     This Defendant cannot be held liable under any theory for any damages arising from the seizure and arrest of the Plaintiff by agents or employees of Hamilton County or the Hamilton County Sheriff's Office.

86.     Anything not previously admitted or denied is hereby denied as if the same is specifically set out herein.

87.     The Defendant reserves the right to amend this Answer pursuant to further investigation and discovery in this case.

Now having fully Answered, the Defendant requests that the claims against it be dismissed with costs taxed to the Plaintiffs.

RESPECTFULLY submitted this 10th day of April 2025.

HAMILTON COUNTY DEPARTMENT OF EDUCATION

By:     /s/ *Dan R. Pilkington*
        DAN R. PILKINGTON, BPR No. 024660
        ELISE M. DENICOLA, BPR No. 042096
        WATSON, ROACH, BATSON &
        LAUDERBACK, P.L.C.
        900 South Gay Street, P.O. Box 131
        Knoxville, Tennessee 37901-0131
        (865) 637-1700
        dpilkington@watsonroach.com
        edenicola@watsonroach.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

Buddy B. Presley, Jr.
PRESLEY LAW FIRM
1384 Gunbarrel Rd., Suite A
Chattanooga, Tennessee 37421
(423) 826-1800
bpresley@presleylawfirm.com

Justin S. Gilbert
Gilbert Law Firm, PLLC
100 W. Martin Luther King Blvd., Suite 501
Chattanooga, Tennessee 37402
(423) 756-8203
justin@schoolandworklaw.com

Dated this 10th day of April 2025.

/s/ *Dan R. Pilkington*
DAN R. PILKINGTON, BPR No. 024660