**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **JOHN DOE., A MINOR, THROUGH HIS PARENT AND GUARDIAN, MARY DOE; AND MARY DOE, INDIVIDUALLY** | ) | |
| **PLAINTIFFS.** | ) | |
| **VS.** | ) | **No. 1:25-CV-0005 CEA-CHS** |
| **HAMILTON COUNTY DEPARTMENT OF EDUCATION, et al.** | ) | **JURY DEMAND** |
| **DEFENDANT.** | ) | |

**DEFENDANT HAMILTON COUNTY (THE HAMILTON COUNTY SHERIFF'S OFFICE)'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COMES NOW the Defendant, Hamilton County, Tennessee (improperly named in the Second Amended Complaint [Doc. 27] as the "Hamilton County Sheriff's Office"), by and through counsel, and for its Answer to Plaintiffs' Second Amended Complaint, would respectfully show unto the Court as follows:

As a preliminary matter, Defendant notes that the "Hamilton County Sheriff's Office" is not a separate legal entity capable of being sued. The proper party in this action is Hamilton County, Tennessee. Plaintiffs' caption currently identifies "Hamilton County (the Hamilton County Sheriff's Department)," which is both a misnomer and redundant. Accordingly, Defendant responds on behalf of Hamilton County, Tennessee, and respectfully requests that the caption be corrected to reflect "Hamilton County, Tennessee" as the proper Defendant. Additionally,

Plaintiffs' Second Amended Complaint repeatedly misidentifies Officer Buckner as "Bucker." Defendant responds using the correct spelling.

**ANSWER**

Defendant responds to the individually numbered paragraphs of Plaintiffs' Second Amended Complaint as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Defendant admits that this action is brought on behalf of John Doe through his parent, Mary Doe, who also asserts claims individually. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences of Paragraph 1 and therefore denies them.

2. Defendant admits that the Hamilton County Department of Education ("HCDE") is alleged to be a public school district organized under the laws of the State of Tennessee that provides public education to students in Hamilton County, Tennessee. Defendant denies that these allegations and inferences pertain to Hamilton County, Tennessee, and therefore no further response is required. To the extent a response is deemed necessary, Defendant denies the remaining allegations and inferences of Paragraph 2.

3. Defendant admits that Hamilton County, Tennessee, through the Hamilton County Sheriff, provides School Resource Officers ("SROs") in certain schools within HCDE. Defendant denies that the "Hamilton County Sheriff's Department" is a separate legal entity capable of being sued. Defendant further denies that Hamilton County receives federal funds in the manner alleged, and denies the remaining allegations and inferences of this paragraph.

4. Defendant admits that Plaintiffs purport to bring this action under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, and certain

constitutional provisions, and that Plaintiffs invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331. Except as expressly admitted, Defendant denies the allegations and inferences of this paragraph, and further states that the cited statutes and constitutional provisions speak for themselves.

5. Defendant admits that venue may be proper in this Court under 28 U.S.C. § 1391(b) to the extent that the events alleged in the Complaint are claimed to have occurred in Hamilton County, Tennessee. Except as expressly admitted, Defendant denies the remaining allegations and inferences of this paragraph.

## II. INTRODUCTION

6. Defendant denies the allegations and inferences contained in this paragraph, including the characterization of any policies or practices of Hamilton County or the Hamilton County Sheriff's Office as "profoundly flawed," and denies that Defendant acted unlawfully or unconstitutionally toward Plaintiffs. Defendant admits that John Doe made comments concerning his stuffed bunny. Defendant denies the Plaintiffs' characterization of John Doe's statements. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences of Paragraph 6, including allegations and inferences regarding disability.

7. Defendant lacks knowledge or information sufficient to form a belief as to the internal policies of the Hamilton County Department of Education ("HCDE") and therefore denies the allegations and inferences of this paragraph.

8. Defendant denies the allegations and inferences contained in paragraph 8. Defendant specifically denies that the Hamilton County Sheriff's Office has a policy or practice

of improperly using confidential school information to make arrests. Defendant further denies that its officers acted unlawfully or outside the scope of their lawful duties.

9. Defendant denies the allegations and inferences contained in paragraph 9.

10. Defendant denies the allegations and inferences contained in this paragraph. Defendant specifically denies that the Hamilton County Sheriff's Office engaged in any "wrongful acts" in connection with Plaintiffs.

## III. FACTS

Defendant notes that Plaintiffs' Second Amended Complaint appears to misnumber the remaining paragraphs, repeating the number "5" instead of continuing sequential numbering. For clarity, Defendant will respond to these paragraphs in the order presented and will refer to them by their intended sequence numbers.

11. This paragraph corresponds to Plaintiffs' misnumbered second paragraph "5" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and inferences concerning John Doe's age, medical impairments, or diagnoses, and therefore denies the same. Defendant further denies the remaining legal conclusions contained in this paragraph, including any characterization of John Doe as having a "disability" within the meaning of the Americans with Disabilities Act or Section 504, and demands strict proof thereof.

12. This paragraph corresponds to Plaintiffs' misnumbered paragraph "6" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and inferences concerning any evaluations or reports prepared by HCDE or its employees, including psychological or academic testing, and therefore denies the same.

Defendant further denies any remaining allegations, characterizations, and inferences contained in this paragraph.

13. This paragraph corresponds to Plaintiffs' misnumbered paragraph "7" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and inferences concerning any Speech and Language Evaluation conducted by HCDE or its employees, including testing results or teacher reports, and therefore denies the same. Defendant further denies any remaining allegations, characterizations, and inferences contained in this paragraph.

14. This paragraph corresponds to Plaintiffs' misnumbered paragraph "8" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and inferences concerning any Behavior Intervention Plan or related documentation prepared by HCDE, and therefore denies the same. Defendant further denies any remaining allegations, characterizations, and inferences contained in this paragraph.

15. This paragraph corresponds to Plaintiffs' misnumbered paragraph "9" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and inferences concerning what HCDE allegedly knew, tested for, or documented with respect to John Doe's disabilities, and therefore denies the same. Defendant further denies any remaining allegations, characterizations, and inferences contained in this paragraph.

16. This paragraph corresponds to Plaintiffs' misnumbered paragraph "10" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the allegations and inferences concerning "Bonnie the Bunny," and therefore denies the same.

17. This paragraph corresponds to Plaintiffs' misnumbered paragraph "11" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and inferences concerning John Doe's personal preferences or toys, and therefore denies the same.

18. This paragraph corresponds to Plaintiffs' misnumbered paragraph "12" in the Second Amended Complaint. Defendant admits that on August 8, 2024, John Doe made a threat of mass violence at Ooltewah Middle School, referencing his backpack. Defendant lacks knowledge or information sufficient to form a belief regarding the identity of items in John Doe's backpack, or the subjective characterizations attributed to him, and therefore denies the same.

19. This paragraph corresponds to Plaintiffs' misnumbered paragraph "13" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the allegations and inferences regarding John Doe's subjective beliefs, intentions, or thought processes, and therefore denies the same. Defendant further denies any remaining allegations, characterizations, and inferences contained in this paragraph.

20. This paragraph corresponds to Plaintiffs' misnumbered paragraph "14" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and inferences concerning any written statement by John Doe, and therefore denies the same. Defendant further denies any remaining allegations, characterizations, and inferences contained in this paragraph.

21. This paragraph corresponds to Plaintiffs' misnumbered paragraph "15" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and inferences concerning what any HCDE teacher or staff may have understood or observed, and therefore denies the same. Defendant further denies the

remaining allegations, characterizations, and inferences of this paragraph, including the assertion that the events described were “quite clearly” a false alarm or “no valid threat whatsoever.”

22. This paragraph corresponds to Plaintiffs’ misnumbered paragraph “16” in the Second Amended Complaint. Defendant admits that Tennessee law includes provisions regarding the offense of making a threat of mass violence on school property. Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe the statute, and states that the statute speaks for itself.

23. This paragraph corresponds to Plaintiffs’ misnumbered paragraph “17” in the Second Amended Complaint. Defendant admits that the Tennessee legislature enacted amendments in 2023 and 2024 relating to school discipline and expulsion in connection with threats of mass violence. Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe the statutory requirements, and states that the statutes speak for themselves.

24. This paragraph corresponds to Plaintiffs’ misnumbered paragraph “18” in the Second Amended Complaint. Defendant admits that Tennessee law includes provisions regarding principals’ duties to report certain threats to law enforcement. Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe those statutory provisions, and states that the statutes speak for themselves.

25. This paragraph corresponds to Plaintiffs’ misnumbered paragraph “19” in the Second Amended Complaint. Defendant admits that Tennessee law includes certain provisions regarding criminal responsibility of individuals with intellectual disabilities. Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe those statutory provisions, and states that the statutes speak for themselves.

26. This paragraph corresponds to Plaintiffs' misnumbered paragraph "20" in the Second Amended Complaint. Defendant admits that Tenn. Code Ann. § 49-6-4301 includes provisions regarding threat assessments in schools. Defendant denies the remaining allegations and inferences of this paragraph, including any characterizations concerning the consistency of Tennessee law with the First Amendment, and states that the statute speaks for itself.

27. This paragraph corresponds to Plaintiffs' misnumbered paragraph "21" in the Second Amended Complaint. Defendant admits that Tennessee law includes provisions addressing recklessness in connection with certain offenses. Defendant denies the remaining allegations and inferences of this paragraph, including Plaintiffs' characterizations of the statutory standard and any conclusions concerning John Doe's intent or capacity, and states that the statutes speak for themselves.

28. This paragraph corresponds to Plaintiffs' misnumbered paragraph "22" in the Second Amended Complaint. Defendant admits that Tennessee law classifies certain offenses involving valid threats of mass violence as felonies. Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe the statute, and states that the statute speaks for itself.

29. This paragraph corresponds to Plaintiffs' misnumbered paragraph "23" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph, including any characterization of cooperation between HCDE and law enforcement as "tragically lacking," and denies that Defendant acted unlawfully or unconstitutionally in connection with Plaintiffs.

30. This paragraph corresponds to Plaintiffs' misnumbered paragraph "24" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations and inferences concerning any internal policies or practices of HCDE, and therefore denies the same. Defendant further denies that Hamilton County or the Hamilton County Sheriff's Office operated under any such policy or practice, and denies the remaining allegations and inferences of this paragraph.

31. This paragraph corresponds to Plaintiffs' misnumbered paragraph "25" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and inferences concerning any policy or practice of HCDE, and therefore denies the same. Defendant further denies that Hamilton County or the Hamilton County Sheriff's Office enforces any such policy, or that Defendant criminalizes speech "regardless of context, meaning, validity, or intellectual disability," and denies the remaining allegations and inferences of this paragraph.

32. This paragraph corresponds to Plaintiffs' misnumbered paragraph "26" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and inferences concerning any statements or advisements by HCDE leadership, and therefore denies the same. Defendant further denies any suggestion that Hamilton County or the Hamilton County Sheriff's Office made or endorsed such statements, and denies the remaining allegations, characterizations, and inferences of this paragraph.

33. This paragraph corresponds to Plaintiffs' misnumbered paragraph "27" in the Second Amended Complaint. Defendant admits that HCDE referred John Doe's statement to Officer Buckner, a School Resource Officer with the Hamilton County Sheriff, on or about August 8, 2024. Defendant denies the remaining allegations and inferences of this paragraph, including any characterizations of HCDE's knowledge, beliefs, or motivations, and specifically denies that Defendant acted unlawfully or in violation of Plaintiffs' rights.

34. This paragraph corresponds to Plaintiffs' misnumbered paragraph "28" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph. Defendant further denies that its officers acted unlawfully or unconstitutionally in connection with Plaintiffs.

35. This paragraph corresponds to Plaintiffs' misnumbered paragraph "29" in the Second Amended Complaint. Defendant admits that on or about August 8, 2024, Officer Buckner entered an office at Ooltewah Middle School where John Doe was present. Defendant denies the remaining allegations and inferences of this paragraph, including any assertions, or that Officer Buckner's actions were unlawful or improper.

36. This paragraph corresponds to Plaintiffs' misnumbered paragraph "30" in the Second Amended Complaint. Defendant admits that on or about August 8, 2024, Officer Buckner interacted with John Doe at Ooltewah Middle School in connection with statements John Doe had made. Defendant denies the remaining allegations and inferences of this paragraph.

37. This paragraph corresponds to Plaintiffs' misnumbered paragraph "31" in the Second Amended Complaint. Defendant admits that on or about August 8, 2024, Officer Buckner transported John Doe from Ooltewah Middle School to a juvenile facility. Defendant denies the remaining allegations and inferences of this paragraph.

38. This paragraph corresponds to Plaintiffs' misnumbered paragraph "32" in the Second Amended Complaint. Defendant admits delivering the PowerPoint referenced in Plaintiff's misnumbered paragraph 32. Defendant denies the allegations and inferences contained in this paragraph, including any assertion that the Hamilton County Sheriff's Office maintained a policy, custom, or practice to criminalize speech regardless of context or disability. Defendant further denies that Officer Buckner (incorrectly identified in the Complaint as "Bucker") acted unlawfully,

or that any presentation he delivered to HCDE constituted or reflected an unconstitutional policy or practice of Hamilton County.

39. This paragraph corresponds to Plaintiffs' misnumbered paragraph "33" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph as stated. To the extent this paragraph purports to quote or characterize any presentation or training allegedly delivered by Officer Buckner, Defendant denies the accuracy or completeness of such quotations or characterizations.

40. This paragraph corresponds to Plaintiffs' misnumbered paragraph "34" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to whether the quotation referenced by Plaintiffs appeared in the presentation at issue and therefore denies it. Defendant further denies the remaining allegations and inferences of Paragraph 34, including assertions that it misadvised HCDE personnel, failed to provide proper training, or that educators' thoughts or perceptions were affected.

41. This paragraph corresponds to Plaintiffs' misnumbered paragraph "35" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph, including any assertion that Officer Buckner advised of a "Policy Towards Threats of Mass Violence" in the manner alleged. Defendant further denies that the Sheriff's Office lacked proper training or acted unlawfully as alleged.

42. This paragraph corresponds to Plaintiffs' misnumbered paragraph "36" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph and further denies that it acted unlawfully or harmed Plaintiffs in the manner alleged.

43. This paragraph corresponds to Plaintiffs' misnumbered paragraph "37" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief

concerning the allegations and inferences contained in this paragraph. Defendant further denies that it acted unlawfully or unconstitutionally in connection with Plaintiffs.

44. This paragraph corresponds to Plaintiffs' misnumbered paragraph "38" in the Second Amended Complaint. Defendant admits that Tennessee law contains provisions regarding threat assessments in schools and that such provisions reference the inclusion of law enforcement or mental health service providers. Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe the statute, and states that the statute speaks for itself.

45. This paragraph corresponds to Plaintiffs' misnumbered paragraph "39" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph, including any assertions regarding consistency with the First Amendment, the meaning of "reckless," or the effect of rejecting invalid threats. Defendant further states that the cited statutes and case law speak for themselves.

46. This paragraph corresponds to Plaintiffs' misnumbered paragraph "40" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph.

47. This paragraph corresponds to Plaintiffs' misnumbered paragraph "41" in the Second Amended Complaint. Defendant admits that Tennessee law contains provisions addressing the roles of school resource officers and confidentiality requirements when law enforcement participates in school threat assessment teams. Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe those statutory provisions, and states that the statutes speak for themselves.

48. This paragraph corresponds to Plaintiffs' misnumbered paragraph "42" in the Second Amended Complaint. Defendant admits that a Memorandum of Understanding ("MOU") was executed between HCDE and the Hamilton County Sheriff on or about July 22, 2024. Defendant denies the remaining allegations and inferences of this paragraph.

49. This paragraph corresponds to Plaintiffs' misnumbered paragraph "43" in the Second Amended Complaint. Defendant admits that the referenced Memorandum of Understanding ("MOU") contains provisions relating to training for SROs and school personnel, and that the MOU speaks for itself. Defendant denies the remaining allegations and inferences of this paragraph, including any characterizations of the MOU or its requirements.

50. This paragraph corresponds to Plaintiffs' misnumbered paragraph "44" in the Second Amended Complaint. Defendant admits that the referenced Memorandum of Understanding ("MOU") contains provisions addressing interviews of juveniles and that the MOU states such interviews must be conducted in accordance with applicable laws and policies. Defendant denies the remaining allegations and inferences of this paragraph.

51. This paragraph corresponds to Plaintiffs' misnumbered paragraph "45" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph, including any assertion that Officer Buckner (incorrectly identified in the Complaint as "Bucker") was operating independently in disregarding disability, context, or validity in connection with Plaintiffs. Defendant further denies that it acted unlawfully or improperly as alleged.

52. This paragraph corresponds to Plaintiffs' misnumbered paragraph "46" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the allegations and inferences concerning the contents or conclusions of any threat assessment

conducted by HCDE and therefore denies the same. Defendant further denies any remaining allegations, characterizations, and inferences contained in this paragraph.

53. This paragraph corresponds to Plaintiffs' misnumbered paragraph "47" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the allegations and inferences concerning HCDE's documentation, evaluations, or conclusions, and therefore denies the same. Defendant further denies any remaining allegations, characterizations, and inferences contained in this paragraph.

54. This paragraph corresponds to Plaintiffs' misnumbered paragraph "48" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the allegations and inferences concerning HCDE's documentation, evaluations, or conclusions regarding John Doe, and therefore denies the same. Defendant further denies any remaining allegations, characterizations, and inferences contained in this paragraph.

55. This paragraph corresponds to Plaintiffs' misnumbered paragraph "49" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the allegations and inferences concerning HCDE's documentation or conclusions regarding John Doe and therefore denies the same. Defendant further denies any remaining allegations, characterizations, and inferences contained in this paragraph.

56. This paragraph corresponds to Plaintiffs' misnumbered paragraph "50" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the allegations and inferences concerning any admissions or findings made by HCDE regarding John Doe and therefore denies the same. Defendant further denies any remaining allegations, characterizations, and inferences contained in this paragraph.

57. This paragraph corresponds to Plaintiffs' misnumbered paragraph "51" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the allegations and inferences concerning HCDE's decisions regarding John Doe's classroom placement, attendance, or participation in activities, and therefore denies the same. Defendant further denies that Hamilton County or the Hamilton County Sheriff's Office violated any statute, regulation, or constitutional right as alleged, and denies the remaining allegations and inferences of this paragraph.

58. This paragraph corresponds to Plaintiffs' misnumbered paragraph "52" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the allegations and inferences concerning any statements allegedly made by Principal Andrea Short to John Doe's mother, and therefore denies the same. Defendant further denies any characterization that Hamilton County's procedures were flawed, or that Defendant acted unlawfully or improperly in connection with Plaintiffs.

59. This paragraph corresponds to Plaintiffs' misnumbered paragraph "53" in the Second Amended Complaint. Defendant is without sufficient knowledge or belief to admit or deny what Ms. Short allegedly said.

60. This paragraph corresponds to Plaintiffs' misnumbered paragraph "54" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the allegations and inferences concerning any statements allegedly made by Principal Andrea Short, and therefore denies the same. Defendant further denies any remaining allegations, characterizations, and inferences of this paragraph, including any suggestion that the Hamilton County Sheriff's Office acted unlawfully or improperly in connection with Plaintiffs.

61. This paragraph corresponds to Plaintiffs' misnumbered paragraph "55" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph. Defendant further denies that it acted unlawfully or improperly in connection with Plaintiffs.

62. This paragraph corresponds to Plaintiffs' misnumbered paragraph "56" in the Second Amended Complaint. Defendant admits that John Doe was taken into custody by law enforcement on or about August 8, 2024. Defendant denies the remaining allegations and inferences of this paragraph.

63. This paragraph corresponds to Plaintiffs' misnumbered paragraph "57" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph. Defendant further denies that it acted unlawfully or in violation of Plaintiffs' rights.

64. This paragraph corresponds to Plaintiffs' misnumbered paragraph "58" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph. Defendant further denies that it acted unlawfully or in violation of Plaintiffs' rights, and demands strict proof of all damages alleged.

## IV. LEGAL CLAIMS

### Count 1: The Americans with Disabilities Act (HCDE and County Sheriff's Department)

65. This paragraph corresponds to Plaintiffs' misnumbered paragraph "59" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph to the extent they mischaracterize or incompletely describe the Americans with Disabilities Act or the cited case law, and states that the statutes and cases cited speak for themselves.

66. This paragraph corresponds to Plaintiffs' misnumbered paragraph "60" in the Second Amended Complaint. Defendant admits that 42 U.S.C. § 12132 and 28 C.F.R. § 35.130 contain provisions relating to discrimination by public entities. Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe the statutes or regulations, and states that the statutes and regulations speak for themselves.

67. This paragraph corresponds to Plaintiffs' misnumbered paragraph "61" in the Second Amended Complaint. Defendant admits that Title II of the ADA applies to public entities as defined by statute. Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe the statute, and states that the statute speaks for itself.

68. This paragraph corresponds to Plaintiffs' misnumbered paragraph "62" in the Second Amended Complaint. Defendant admits that courts have applied Title II of the ADA in certain contexts involving law enforcement activities. Defendant denies the remaining allegations and inferences of this paragraph, including any assertion that Hamilton County or the Hamilton County Sheriff's Office violated the ADA in connection with Plaintiffs, and states that the statute speaks for itself.

69. This paragraph corresponds to Plaintiffs' misnumbered paragraph "63" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph.

70. This paragraph corresponds to Plaintiffs' misnumbered paragraph "64" in the Second Amended Complaint. Defendant admits that 28 C.F.R. § 35.130 contains provisions relating to the obligations of public entities under Title II of the ADA. Defendant denies the

remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe the regulation, and states that the regulation speaks for itself.

71. This paragraph corresponds to Plaintiffs' misnumbered paragraph "65" in the Second Amended Complaint. Defendant admits that 28 C.F.R. § 35.130(b)(3) contains provisions relating to the methods of administration used by public entities under Title II of the ADA. Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe the regulation, and states that the regulation speaks for itself.

72. This paragraph corresponds to Plaintiffs' misnumbered paragraph "66" in the Second Amended Complaint. Defendant admits that the cited regulations contain provisions relating to the obligations of public entities under Title II of the ADA. Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe the regulations, and states that the regulations speak for themselves.

73. This paragraph corresponds to Plaintiffs' misnumbered paragraph "67" in the Second Amended Complaint. Defendant admits that 28 C.F.R. § 35.130(b)(7)(i) contains provisions requiring public entities to make reasonable modifications to avoid discrimination. Defendant denies the remaining allegations and inferences of this paragraph. Defendant further states that the regulation speaks for itself.

74. This paragraph corresponds to Plaintiffs' misnumbered paragraph "68" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph. Defendant further denies that it acted unlawfully, discriminatorily, or in violation of Plaintiffs' rights.

75. This paragraph corresponds to Plaintiffs' misnumbered paragraph "69" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph. Defendant further denies that it violated the ADA, Section 504, or any other law as alleged.

**Count 2. Section 504 of the Rehabilitation Act**
**(HCDE and County Sheriff's Department)**

76. This paragraph corresponds to Plaintiffs' misnumbered paragraph "70" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph, including any assertion that Hamilton County or the Hamilton County Sheriff's Office violated Plaintiffs' rights under the ADA, Section 504, or any other law.

77. This paragraph corresponds to Plaintiffs' misnumbered paragraph "71" in the Second Amended Complaint. Defendant admits that Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulations contain provisions relating to nondiscrimination on the basis of disability in programs and activities receiving federal financial assistance. Defendant denies the remaining allegations and inferences of this paragraph, including any assertion that Hamilton County or the Hamilton County Sheriff's Office is subject to liability under Section 504 in this case, and states that the statutes and regulations cited speak for themselves.

78. This paragraph corresponds to Plaintiffs' misnumbered paragraph "72" in the Second Amended Complaint. Defendant admits that 34 C.F.R. § 104.3(j) contains definitions relating to "qualified handicapped person" under Section 504. Defendant denies the remaining allegations and inferences of this paragraph, including any assertion that John Doe satisfies that definition or that Hamilton County or the Hamilton County Sheriff's Office is subject to liability under Section 504 in this case. Defendant further states that the regulation speaks for itself.

79. This paragraph corresponds to Plaintiffs' misnumbered paragraph "73" in the Second Amended Complaint. Defendant denies that John Doe is a qualified individual with a disability as defined by the ADA or Section 504. Defendant further all remaining allegations and inferences contained in misnumbered paragraph "73".

80. This paragraph corresponds to Plaintiffs' misnumbered paragraph "74" in the Second Amended Complaint. Defendant admits that Section 504 and its implementing regulations contain provisions prohibiting disability discrimination and addressing the obligations of public entities. Defendant denies the remaining allegations and inferences of this paragraph. Defendant further states that the cited regulation speaks for itself.

81. This paragraph corresponds to Plaintiffs' misnumbered paragraph "75" in the Second Amended Complaint. Defendant admits that Section 504 and Title II of the ADA, along with their implementing regulations, contain provisions addressing nondiscrimination and reasonable modifications. Defendant denies the remaining allegations and inferences of this paragraph. Defendant further states that the statutes and regulations cited speak for themselves.

82. This paragraph corresponds to Plaintiffs' misnumbered paragraph "76" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph. Defendant further denies that it violated the ADA, Section 504, or any other law as alleged.

**Count 3. Section 1983 and the First Amendment**
**(HCDE and the County Sheriff's Department)**

83. This paragraph corresponds to Plaintiffs' misnumbered paragraph "77" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph.

84. This paragraph corresponds to Plaintiffs' misnumbered paragraph "78" in the Second Amended Complaint. Defendant admits that the First Amendment protects freedom of expression and that courts have recognized a distinction between "true threats" and certain other types of speech. Defendant denies the remaining allegations and inferences of this paragraph. Defendant further states that the cited case law speaks for itself.

85. This paragraph corresponds to Plaintiffs' misnumbered paragraph "79" in the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the allegations and inferences concerning classroom activities, instructional disruption, or the contents of any threat assessment conducted by HCDE, and therefore denies the same. Defendant further denies the remaining allegations and inferences of this paragraph, including any assertion that Hamilton County or the Hamilton County Sheriff's Office acted unlawfully in connection with Plaintiffs.

86. This paragraph corresponds to Plaintiffs' misnumbered paragraph "80" in the Second Amended Complaint. Defendant denies any allegations and inferences contained in this paragraph.

87. This paragraph corresponds to Plaintiffs' misnumbered paragraph "81" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph. Defendant further denies that it acted unlawfully or unconstitutionally in connection with Plaintiffs.

88. This paragraph corresponds to Plaintiffs' misnumbered paragraph "82" in the Second Amended Complaint. Defendant denies any allegations, inferences, and improper legal conclusions contained in this paragraph.

89. This paragraph corresponds to Plaintiffs' misnumbered paragraph "83" in the Second Amended Complaint. Defendant denies the allegations, inferences, and improper legal conclusions contained in this paragraph.

**Count 4. Equal Protection**
**(HCDE and County Sheriff's Department)**

90. This paragraph corresponds to Plaintiffs' misnumbered paragraph "84" in the Second Amended Complaint. Defendant admits that 42 U.S.C. § 1983 provides a cause of action for certain alleged violations of constitutional or federal rights by persons acting under color of state law. Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe the statute, and states that the statute speaks for itself.

91. This paragraph corresponds to Plaintiffs' misnumbered paragraph "85" in the Second Amended Complaint. Defendant admits that John Doe is a citizen of the United States. Defendant further admits that the Equal Protection Clause prohibits certain forms of discrimination as recognized by applicable case law. Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe the Constitution or cited authority, and states that the cited provisions and cases speak for themselves.

92. This paragraph corresponds to Plaintiffs' misnumbered paragraph "86" in the Second Amended Complaint. Defendant admits that the Equal Protection Clause has been described in judicial decisions, including *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845 (6th Cir. 2012)(quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432,439 (1985)). Defendant denies the remaining allegations and inferences of this paragraph to the extent they mischaracterize or incompletely describe the Equal Protection Clause or cited authority, and states that the Constitution and cases speak for themselves.

93. This paragraph corresponds to Plaintiffs' misnumbered paragraph "87" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph. Further, Plaintiffs fail to allege and plead any facts that would state a claim upon which relief may be granted for this count against the County. The Plaintiff has failed to allege any factual allegations that prove the County engaged in discrimination based on the Plaintiff's disability under Count 4.

**Count 5. Section 1983 and the Fourteenth Amendment Substantive Due Process. (HCDE)**

94. This paragraph corresponds to Plaintiffs' misnumbered paragraph "88" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph.

95. This paragraph corresponds to Plaintiffs' misnumbered paragraph "89" in the Second Amended Complaint. Defendant denies the allegations and inferences contained in this paragraph, including any assertion that Hamilton County or the Hamilton County Sheriff's Office violated John Doe's substantive due process rights, or acted arbitrarily, irrationally, or unconstitutionally.

Defendant further denies that Plaintiffs are entitled to any of the relief requested, including declaratory or injunctive relief, reasonable modifications of policies or practices, compensatory damages, nominal damages, attorneys' fees, or any other relief.

**DEFENSES**

Now having fully Answered the Plaintiffs' Second Amended Complaint and without waiving the foregoing denials, Defendant asserts the following affirmative defenses:

**FIRST DEFENSE**

Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The "Hamilton County Sheriff's Office" is not a separate legal entity capable of being sued. The proper party is Hamilton County, Tennessee.

**THIRD DEFENSE**

To the extent Plaintiffs assert claims against Officer Buckner in his individual capacity, he is entitled to qualified immunity because his conduct did not violate clearly established constitutional or statutory rights of which a reasonable officer would have known.

**FOURTH DEFENSE**

Hamilton County and its officials are immune from suit except to the limited extent waived by the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 et seq., and by applicable federal law.

**FIFTH DEFENSE**

To the extent Plaintiffs assert state-law tort claims, Defendant asserts immunity under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-205, which preserves governmental immunity for discretionary functions performed by governmental entities and employees.

**SIXTH DEFENSE**

Any acts or omissions of Defendant were taken in good faith and with a reasonable belief that they were lawful.

**SEVENTH DEFENSE**

The County would show that no action by any officer or employee in connection with this incident occurred as a result of any unconstitutional policy, custom or practice adopted by the County.

**EIGHTH DEFENSE**

The County denies that the County violated John Doe's constitutional rights or that the County or any of its employees violated the Fourth Amendment to the United States Constitution because John Doe's arrest was based on probable cause. Further, the County denies that the County or any of its employees violated John Doe's constitutional rights in violation of 42 U.S.C. §§ 1983 or 1985 or in any actions taken towards Doe.

**NINTH DEFENSE**

County denies that any claim by the Plaintiffs have occurred as the result of any unconstitutional policy, custom or practice adopted by any official policymaker of the County. The County would assert that it is entitled to sovereign immunity from any liability based upon certain intentional torts and/or any negligence claims of its employees based upon the specific torts enumerated within T.C.A. § 29-20-205(2).

**TENTH DEFENSE**

The County states that it cannot be held liable for any damages asserted by the Plaintiffs claimed on the grounds that any alleged injuries sustained by the Plaintiffs were not proximately caused by or directly related to any unconstitutional policy, custom, or practice of the County. The County would further specifically assert that it cannot be held liable for the actions of its employees under 42 U.S.C. § 1983 on the basis of *respondeat superior.*

## ELEVENTH DEFENSE

The County denies that it has policies, customs and practices that violation the Americans with Disabilities Act and further deny that the Plaintiff's rights under the American's with Disabilities Act were violated. The County asserts its policies in addressing threats of mass violence in schools are in compliance with the Americans with Disabilities Act and all other federal regulations.

## TWELFTH DEFENSE

The County asserts that the words spoken by John Doe were, in fact, a "true threat" resulting in Officer Buckner's proper arrest of John Doe based on probable cause.

## ELEVENTH DEFENSE

The County reserves the right to assert any additional defenses which their investigation or discovery reveals may apply to bar in whole or in part any of Plaintiffs' claims.

**WHEREFORE,** The County respectfully prays that this cause be dismissed with prejudice, and that the defendant be granted any such general relief to which they may be entitled.

**Signatures on the following page**

Respectfully submitted,

OFFICE OF THE COUNTY ATTORNEY

By: __s/Janie Parks Varnell___________
Janie Parks Varnell, BPR No. 31256
*Hamilton County Attorney*
Paige Ivey Evatt, BPR No. 30761
*Staff Attorney*
625 Georgia Avenue, Room 204
Chattanooga, TN 37402
Phone (423) 209-6150
Fax (423) 209-6151
pevatt@hamiltontn.gov
janiev@hamiltontn.gov
*Attorneys for Hamilton County*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Answer has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated in the electronic filing receipt.

This 19th day of September, 2025:

_s/Janie Parks Varnell___________________
Janie Parks Varnell
Paige Ivey Evatt
Attorneys for Hamilton County