IN THE UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOHN DOE, A MINOR, THROUGH HIS, ) <br> PARENT AND GUARDIAN, MARY DOE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HAMILTON COUNTY DEPARTMENT OF ) <br> EDUCATION and HAMILTON COUNTY ) <br> (THE HAMILTON COUNTY SHERIFFS' ) <br> DEPARTMENT), ) <br> ) <br> Defendant. ) | | No. 1:25-CV-00005 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO
QUASH OR FOR IN CAMERA HEARING**

Defendant Hamilton County Department of Education hereby appears and responds to Plaintiff's Motion to Quash Deposition or for In Camera Competency Hearing and for Protective Order Precluding Deposition Pending Competency Determination [Doc. 39]. Plaintiff's motion should be denied. In the alternative, should the Court deem it necessary, the Court should conduct a hearing to determine Doe's competency to testify. The Defendant should be allowed to depose the Plaintiff.

**Background**

Early in the fall 2024 school semester, minor Plaintiff John Doe advised his teacher that his backpack would blow up the school if it was opened.[1] [Amended Complaint, Doc. 27, ¶ 12; Motion to Quash, Doc. 39, ¶ 2]. Doe generally does not dispute making the statement, but contends, both in

---

[1] Because Doe has not testified, his exact statement is currently a disputed fact. Although generally consistent, Doe through his filings has provided differing versions of the exact language of his statement. See e.g. [Doc. 39, ¶ 2 "Doe stated that the school would blow up if someone looked in his backpack."], [Doc. 1, ¶ "[Doe] stated to his social teacher that the school would 'blow up' if she looked inside his backpack."], [Doc. 27, ¶ 12 "John said no one could look inside his backpack or else it would "blow up" the school."].

his Complaint and in this Motion to Quash, that his statement was related to a stuffed animal in his backpack and not an actual bomb. Plaintiff Doe has filed suit against the Hamilton County Department of Education and Hamilton County as a result of the subsequent arrest of John Doe by a Hamilton County Deputy and SRO. Doe is seeking both injunctive and compensatory relief and damages include humiliation, mental anguish and loss of reputation. [Doc. 27, PageID# 215-216].

Doe has been diagnosed with autism spectrum disorder which results in unspecified limitations on his verbal and cognitive capacities. [Doc. 39, ¶ 1]. Doe has an Individual Education Plan (IEP). [Doc. 29, ¶ 4]. Based upon the scope of his disability, Doe attends a portion of his classes within a special education setting and other general classes with students who do not have IEPs. (Mary Doe Dep., pp. 26, 40-41). Doe's mother has identified his disability as not severe, and explained that John has a level of independence. (Mary Doe Dep., p. 131). Mary Doe testified that John can communicate with her about how his day goes and school and can provide some details regarding specific incidents. (Mary Doe Dep., pp. 55-59). She testified that Doe understands the difference between right and wrong. *Id.* Finally, Mary Doe also explained that John was able to describe to her what happened on the day of his arrest. (Mary Doe Dep., 73-74).

**Law and Argument**

Rule 26 and Rule 30 authorize a Defendant to depose a Plaintiff to obtain discovery. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 30. A plaintiff should expect to be deposed when he or she files a lawsuit. *Coleman v. Allegheny Cnty., PA PFA Unit*, No. 2:21-CV-2103, 2023 WL 6516962, at *6 (S.D. Ohio Oct. 5, 2023). A defendant is entitled to take a plaintiff's deposition to inquire about the claims raised against the defendant. *See Johnson v. Johns*, No. 2:02-CV-33, 2005 WL 1308058, at *3 (W.D. Mich. May 19, 2005), report and recommendation adopted, No. 2:02-CV-33, 2005 WL 1968815 (W.D. Mich. Aug. 16, 2005). It is a rare case indeed where the Defendant is not allowed to

conduct the basic discovery of the deposition of the plaintiff.

Minor Plaintiffs are commonly and routinely deposed in civil cases involving their education. Fed. R. Evid. 601 dictates generally that "Every person is competent to be a witness unless these rules provide otherwise." Likewise, in Tennessee "[e]very person is presumed competent to be a witness except as otherwise provided by these rules or by statute." Tenn. R. Evid. 601. Competency of a witness is within the discretion of the Court. "In questioning a child witness to determine whether he is competent to testify, the questions generally focus on matters unrelated to the basic issues of the trial and instead include questions such as 'their names, where they go to school, how old they are, whether they know who the judge is, whether they know what a lie is, and whether they know what happens when one tells a lie [.]'" *Edmonds v. Detroit Pub. Sch. Sys.*, No. 12-10023, 2012 WL 6212702, at *1 (E.D. Mich. Dec. 13, 2012) (citing *Moreland v. Bradshaw*, 699 F.3d 908, 2012 WL 5518930, at *9 (6th Cir.2012)). When determining if a child is competent to testify, a Court may consider "the child's ability to receive, recall, and communicate accurate impressions of fact, understand truth and falsity, and appreciate the responsibility to tell the truth," while also observing the "the child's appearance, manner of responding to questions, general demeanor and ability to relate facts accurately and truthfully." *McNeill v. Bagley*, No. 1:02 CV 1645, 2019 WL 4017047, at *29 (N.D. Ohio Aug. 26, 2019). "A child may be competent to testify even though the child is unable to recollect some facts or initially does not recognize the concept of truth, so long as other answers demonstrate that the child can perceive and recall generally and understands the concept of truthfulness." *Fry v. Shoop*, No. 1:19 CV 2307, 2023 WL 2456592, at *42 (N.D. Ohio Mar. 10, 2023). Even where Courts recognize that minor has "difficulty verbalizing answers, and at times presented conflicting or confusing answers," they are deemed competent to testify. *Edmonds*, at *2 (E.D. Mich. Dec. 13, 2012). The inability to testify truthfully weighs on a child's credibility, not competency. *Id*.

3

at *1.

The Plaintiff's testimony and version of events is undisputedly relevant, and the Defendant is entitled to obtain this information in order to evaluate and defend this case. Likewise, the Defendant is entitled to discover, through Plaintiff's testimony, the extent of his alleged damages related to humiliation, mental anguish and loss of reputation. Plaintiff has offered evidence, and the Defendant does not dispute, that Doe has been diagnosed with autism, but that alone is not sufficient to preclude his competency to testify. No medical records have been provided to demonstrate the severity of Doe's autism or to support a determination that Doe is incompetent. Further, Plaintiff has offered no valid evidence that his testimony would not be relevant or proportional to the needs of this case. This Defendant would be prejudiced without the opportunity to depose the Plaintiff about his claims against this Defendant.

Wherefore, the Court should deny Plaintiff's Motion and allow the deposition of Plaintiff Doe. In the alternative, the Court should conduct a hearing to determine Doe's competence to testify.

RESPECTFULLY submitted this 3rd day of March 2026.

                        HAMILTON COUNTY DEPARTMENT OF EDUCATION

By:   /s/Dan R. Pilkington
       DAN R. PILKINGTON, BPR No. 024660
       WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.
       1500 Riverview Tower
       900 South Gay Street, P.O. Box 131
       Knoxville, Tennessee 37901-0131
       (865) 637-1700
       dpilkington@watsonroach.com

# CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of the foregoing has been served upon parties, or counsel for the parties in interest herein by delivery of the same to the offices of said counsel or parties' counsel via email:

*Attorneys for Plaintiff*
Justin S. Gilbert
Gilbert Law, PLLC
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, Tennessee 37402
justin@schoolandworklaw.com

Buddy B. Presley, Jr., Esq.
PRESELY LAW FIRM
1384 Gunbarrel Road, Suite A
Chattanooga, Tennessee 37421
bpresley@presleylawfirm.com

Paige Ivey Evatt, Esq.
Staff Attorney
Hamilton County Attorney's Office
204 Courthouse, 625 Georgia Avenue
Chattanooga, Tennessee 37402
pevatt@hamiltontn.gov

Dated this 3rd day of March 2026.

                              /s/Dan R. Pilkington
                              DAN R. PILKINGTON, BPR No. 024660