# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

JOHN DOE, a minor, through his )
parent and guardian, MARY DOE, )
individually, )
        *Plaintiffs*, )
)
v. )      No. 1:25-cv-00005-CEA-CHS
)
HAMILTON COUNTY DEPARTMENT )
OF EDUCATION and HAMILTON )
COUNTY (THE HAMILTON COUNTY )
SHERIFF'S DEPARTMENT), )
        *Defendants*. )

## ORDER

This matter is before the Court upon Plaintiffs, John and Mary Doe's Motion to Quash Deposition or for In Camera Competency Hearing and for Protective Order Precluding Deposition Pending Competency Determination [Doc. 39]. The Court conducted a hearing on this motion on March 20, 2026. Present for Plaintiffs were Attorneys Justin Gilbert and Buddy Presley. Present for Defendants were Attorneys Dan Pilkington, Janie Parks Varnell, and Paige Ivey Evatt.

By way of background, Plaintiff John Doe is a minor child who has been diagnosed with autism spectrum disorder and has limited verbal and cognitive abilities. At times relevant to this lawsuit, Defendant carried to school in his backpack a stuffed toy bunny, which he referred to as "my bonnie plush." In August 2024, while Plaintiff John Doe was present at school—and in response to school personnel requesting to search his backpack—Plaintiff John Doe made a statement to the effect that the school would "blow up" if someone looked in his backpack. School officials opened the backpack and found the stuffed bunny, but no explosives. Shortly thereafter, they also obtained Plaintiff John Doe's written statement, *to wit*, "I don't want nobody to look in my backpack because of my bonnie plush." Defendant was arrested by the Hamilton County

Sheriff's Department and transported to juvenile court. As a result of this series of events, Plaintiff John Doe and his mother filed the present lawsuit against the Hamilton County Department of Education and the Sheriff's Department.

On February 20, 2026, Dan Pilkington, the attorney for the Hamilton County Department of Education, issued a Notice to take the Deposition of the Minor Plaintiff John Doe [Doc. 39-1]. Plaintiffs' attorneys objected to such deposition on the basis that Plaintiff John Doe has intellectual disabilities that render him incompetent to participate in a deposition. Consequently, Plaintiffs' counsel filed the present motion to quash the deposition or for alternative relief [Doc. 39]. The motion sets forth the following information:

> 4. HCDE also has Doe's IEP and confidential psychological information. That information includes its Certified School Psychologist (Daphne Smith's) Psychological Report dated May 22, 2024 (Ex. 5, P.2; see D.E. 27, Second Am. Complaint ¶ 6). This report shows Doe's verbal comprehension to be at the 2nd percentile in the "extremely low" range, a scaled score of 68. (Ex. 5, p. 2). It shows his full scale IQ is in the Very Low range (75). And the C-TONI, a competency test for kids with autism, shows his full scale IQ of 68. (*id.* at p. 9).
>
> 5. Doe's teacher believed an aide is required in school to keep him on task, organized and focused (*id.*, p. 4). Speaking to Doe in the first person causes him difficulties, while accommodations include a need for visual examples, models, and language already familiar to Doe. (*Id.* p. 22). He needs assistance by "providing him necessary vocabulary words." (*Id.*)
>
> 6. These conditions significantly impair Doe's communication, comprehension, and cognitive functioning . . . .

[*See id.*]

Prior to the motion hearing, the undersigned reviewed the psychological assessment attached to the motion [*see* Doc. 39-5] reflecting the results of various assessment tools used to determine Plaintiff John Doe's full-scale intelligence, nonverbal intelligence, educational achievement, behavior, and ability to succeed in school. The psychological report confirms Plaintiffs' counsel's representations concerning Plaintiff John Doe's intellectual disabilities.

During the motion hearing, Defendant's counsel did not dispute that Plaintiff John Doe has cognitive limitations; however, he indicated that, without interacting with Plaintiff John Doe, he does not know whether the minor child is capable of answering questions in a deposition. Defendant's counsel stated that he has a responsibility to question Plaintiff John Doe about relevant matters, including the specific statement he made wherein he referenced the school "blowing up," as well as any injuries the minor child suffered as a result of being disciplined by the school and arrested by the Sheriff's Department. Defendant's counsel, however, affirmatively represented that he agreed with the approach suggested by Plaintiffs' counsel that the Court conduct an *in camera* interview with Plaintiff John Doe to determine his capacity to participate in a deposition.

The Court concluded that an *in camera* examination of the minor Plaintiff was necessary in this case. To conduct the examination, the Court situated all of the attorneys in the undersigned's office and activated a computer audio connection with the courtroom so the attorneys could hear the undersigned's conversation with Plaintiff John Doe and his mother. The Court then put Plaintiff John Doe and his mother at counsel table in the courtroom and, along with the Court's career law clerk, Jeremy Claridge,[1] stood near them to converse. The undersigned then asked Plaintiff John Doe a series of open-ended, non-threatening questions about his likes, dislikes, favorite things, and activities to gain a sense of his intellectual and verbal abilities. Mr. Claridge also asked him a question or two. The Court's examination yielded results that are completely consistent with the psychological report attached to Plaintiffs' motion. Plaintiff John Doe is extremely non-verbal, very uncomfortable when questioned, and unable to express himself clearly. Because of his intellectual limitations, it is unlikely that he would be capable of remembering

---

[1] Mr. Claridge taught young children in school for a period of eleven years after he graduated from college before going to law school. Consequently, he possesses a great deal of real-world experience with respect to age-appropriate behavior in school children.

events clearly, or capable of describing events accurately even if he were able to remember them. Beyond that, he does not appear to possess the intellectual capacity or ego strength to disagree with leading questions from a forceful examiner.

Fed. R. Evid. 104(a) provides in relevant part, "The court must decide any preliminary questions about whether a witness is qualified, a privilege exists, or evidence is admissible." Here, both sides requested that the Court make such a determination regarding the potential testimony of Plaintiff John Doe. In keeping with that request, the Court finds that Plaintiff John Doe is incapable of testifying in this lawsuit. Because of his intellectual limitations and deficits in verbal communication, he would be unable to provide accurate, trustworthy testimony. Any testimony elicited from this minor child would be inconsistent with the mandate in Fed. R. Evid. 102 that, "[t]hese rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination."

For this reason, the Court will not require Plaintiff John Doe to sit for a deposition, but also will not allow him to testify at trial. In making this decision, the Court notes that this decision should not prejudice one side more than the other. It is uncontroverted that Plaintiff John Doe did make some statement wherein he represented that the school would "blow up" if his backpack (in which he kept a stuffed bunny) was searched. The subsequent disciplinary events and arrest are not in dispute, so Plaintiff John Doe's testimony on those points is unnecessary. As for any injuries suffered by Plaintiff John Doe as a result of these events, his mother is in a position to be a much more reliable witness concerning such allegations. Given these circumstances, Defendants' position should not be compromised by their inability to depose Plaintiff John Doe. The Court notes that it may actually be to Plaintiffs' counsel's advantage to put Plaintiff John Doe on the stand

and demonstrate to a jury the severity of his disabilities; however, they can still put forward that evidence through testimony from his mother, teachers, and school psychologists without causing additional harm to Plaintiff John Doe by requiring him to testify in a deposition and at trial.

In making this decision, the Court also relies upon Fed. R. Civ. P. 26(b)(1) which provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*See* Fed. R. Civ. P. 26(b)(1). Here, the Court finds that Plaintiff John Doe's testimony would be unlikely to yield information that is relevant to the claims or defenses in this case, and that the potential harm created as a result of requiring this minor child to testify would be disproportionate to the needs of the case. This is particularly so because many of the facts in this case are uncontroverted, and those which are in dispute can be unearthed from sources other than Plaintiff John Doe.

For the reasons set forth above, it is hereby **ORDERED** that

1. Plaintiffs' Motion to Quash Deposition or for In Camera Competency Hearing and for Protective Order Precluding Deposition Pending Competency Determination [Doc. 39] is **GRANTED**.

2. Defendants' counsel shall not be allowed to depose Plaintiff John Doe.

3. Plaintiffs' counsel will not be able to offer Plaintiff John Doe as a witness at trial.

**SO ORDERED**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE