# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

MARY DOE, *as guardian and parent of minor* )
JOHN DOE, )
                                        )
      *Plaintiff,* )             Case No. 1:25-cv-5
                                          )
v. )
                                          )             Judge Atchley
HAMILTON COUNTY DEPARTMENT OF )
EDUCATION and HAMILTON COUNTY, )
                                          )             Magistrate Judge Steger
      *Defendants.* )
                                          )

## AMENDED SCHEDULING ORDER

Before the Court is the parties' Second Joint Motion to Extend Certain Deadlines [Doc. 49], wherein the parties request a thirty (30) day extension to the discovery deadline, dispositive motions deadline, and *Daubert* motions deadline contained within the current Amended Scheduling Order [Doc. 38]. The parties represent that they have diligently pursued discovery but additional time is needed to allow the parties to mediate before incurring the expense of completing all outstanding discovery. [Doc. 49]. The parties show that the date of mediation, which was originally set for June 25, 2026, was rescheduled due to counsel and mediator availability for July 21, 2026. *[Id.]*. Because of this, the parties represent that an extension will allow the parties to mediate and continue settlement discussions. *[Id.]*. For good cause shown, the Court **GRANTS** the motion.

This Amended Scheduling Order **REPLACES** and **SUPPLANTS** the prior Scheduling Order [Doc. 38] entered in this case as to all unexpired deadlines and outstanding requirements. Unless a new date is provided by this Order, deadlines that expired prior to the entry of this Order remain expired.

1. *Disclosure and Discovery:*

   (a) ***All Discovery:*** All discovery—including the taking of depositions, requests for admissions, and all discovery-related motion practice—shall be completed by **August 20, 2026**. After that date, the parties may conduct discovery by agreement, but the Court will not involve itself in any disputes that may arise.

   (b) ***Pretrial Disclosures:*** On or before **December 8, 2026**, the parties shall make the pretrial disclosures specified in Federal Rule of Civil Procedure 26(a)(3)(A)(ii) and (iii). All deposition testimony to be offered into evidence must be disclosed to all other parties on or before this date.

2. *Other Scheduling Matters:*

   (a) ***Dispositive Motions:*** All dispositive motions under Rule 12 and all motions for summary judgment pursuant to Rule 56 shall be filed as soon as possible, but no later than **September 17, 2026**. The failure to timely file such motions will be grounds to summarily deny them. Absent extraordinary circumstances, the dispositive motion deadline will not be extended.

   The Court prefers not to receive statements of undisputed material facts and will disregard any such statement unless it is (i) jointly filed, (ii) contains no argument, and (iii) sets forth facts rather than the parties' positions. If a "response" is filed, the Court will construe the statement as not jointly filed and disregard it.

   (b) ***Daubert Motions:*** All motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 should be filed as soon as possible but no later than **September 17, 2026**.

   (c) ***Motions in Limine:*** Any motions in limine must be filed no later than **December 15, 2026.** The Court will not entertain a motion to exclude expert testimony styled as a motion in limine. Any motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 must be filed on or before the *Daubert* motion deadline set forth above.

   Plaintiff and Defendants may each file no more than **three** motions in limine without leave of the Court. Any party seeking an expansion of this limit must file a motion setting forth good cause no later than the motion in limine deadline. Prior to filing any motion in limine, the parties must meet and confer regarding anticipated motions in limine and attempt to resolve any disputes that may arise. All motions in limine must include a certification that the parties have conferred in accordance with this Order.

   (d) ***Special Requests to Instruct for Jury Trial***: Pursuant to Local Rule 51.1, the parties shall confer and submit a single joint proposal for jury instructions to the Court no

2

later than **January 5, 2027**. Before submitting the joint proposal, the parties must attempt to resolve any disagreements. To the extent there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal. All jury instructions in the joint proposal, including agreed and competing instructions, shall be supported by citation to authority pursuant to Local Rule 7.4. A copy of the proposed jury instructions must be sent to **atchley_chambers@tned.uscourts.gov** as a Microsoft Word document.

The Court uses the Sixth Circuit Criminal Pattern Jury Instructions as its model in formulating the final instructions given to the jury. Proposed jury instructions should follow the form of the pattern instructions.

3. ***Final Pretrial Conference***: A final pretrial conference will be held on **January 12, 2027**, at **3:00 p.m. ET** at the U.S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee. All lawyers who plan to participate in the trial must be present in person at the final pretrial conference.

    (a) ***Final Pretrial Order***: The parties shall submit a final pretrial order to the Court at least **five business days** prior to the final pretrial conference by sending it to **atchley_chambers@tned.uscourts.gov**. A sample copy of the final pretrial order is located on the Court's website at **http://www.tned.uscourts.gov**.

    (b) ***Trial Briefs***: Any trial briefs regarding anticipated evidentiary and legal issues must be filed at least **three business days** before the final pretrial conference.

    (c) ***Exhibits***: Prior to the final pretrial conference, the parties shall meet and confer regarding the authenticity and admissibility of all exhibits they intend to use at trial. At least **five business days** prior to the final pretrial conference, the parties must file an exhibit list with exhibits pre-marked for identification purposes.

    Counsel should be prepared to discuss any objections to a party's exhibit list at the final pretrial conference.

    (d) ***Courtroom Technology***: On or before **January 11, 2027**, the parties shall disclose to one another and to the Court the technology they intend to use in the courtroom during trial and how they intend to use it (*e.g.* display equipment, data storage, retrieval, or presentation devices). This disclosure shall list (1) equipment they intend to bring into the courtroom and (2) Court-supplied equipment they intend to use. The parties shall confirm the compatibility and viability of their planned use of technology with the Court's equipment. General information regarding equipment supplied by the Court is available on the Court's website; specific questions should be directed to courtroom deputy Allison Laster at **allison_laster@tned.uscourts.gov**.

4. ***Trial***: The trial of this case will be held in Chattanooga, Tennessee, before the United States District Judge and a jury beginning on **January 26, 2027**, at **9:00 a.m**. **ET**. The trial is expected to last **4 days**. If this case is not heard immediately, it will be held in line until

3

the following day or anytime during the week of the scheduled trial date.

**SHOULD THE SCHEDULED TRIAL DATE CHANGE FOR ANY REASON, THE OTHER DATES CONTAINED IN THIS ORDER SHALL REMAIN AS SCHEDULED. ANY FURTHER MODIFICATION OF THE DATES HEREIN MUST BE SOUGHT BY A MOTION TO MODIFY THOSE DATES/ DEADLINES.**

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

4