**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

JOHN DOE, A MINOR,
THROUGH HIS PARENT
AND GUARDIAN, MARY DOE,

Plaintiff,

v.

HAMILTON COUNTY DEPARTMENT
OF EDUCATION,

Defendant.

Case No. 1:25-cv-00005-CEA-CHS

JURY DEMAND

**MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF MINOR SETTLEMENT**

COMES the Plaintiff, John Doe, a minor, by and through his parent and next friend, Mary Doe, and counsel, and respectfully submits this Memorandum in support of the motion to approve the minor settlement. (D.E. 56).

**I.**

John Doe has autism spectrum disorder along with an intellectual disability. He has an IEP.

On August 8, 2024, the County's Student Resources Officer and the School District's assistant principal opened John Doe's backpack to find a stuffed bunny inside. But Doe had stated in earshot of a teacher: "You won't believe what's in here. If you check, it will blow up the whole school."

After discovering the false threat, and after Doe wrote a statement saying, "i don't want nobody to look in my backpack because of my bonnie plush [his stuffed bunny]," the school removed Doe from school and the County arrested and charged him with making a threat of mass violence.

Contemporaneous with being removed and arrested, the school's threat assessment team, which requires participation of law enforcement, found the threat level to be the "lowest" level, while a Manifestation Determination Review team found that Doe's statement was a manifestation of his disability.

Under these circumstances, Doe filed suit under the First Amendment on grounds the government may not punish speech unless it constitutes a "true threat" — that is, unless it conveys an objectively reasonable fear that violence will follow. *Counterman v. Colorado*, 600 U.S. 66, 74 (2023). Doe would argue, as the Supreme Court explains, the "true" in "true threat" distinguishes it from "jests, hyperbole, or other statements that when taken in context do not convey a real possibility that violence will follow." *Id*.

The parties engaged in written discovery, depositions (although Judge Stegar would rule that Doe himself was not capable of testifying), a filing by Plaintiff for summary judgment against the County, and then mediation with retired state court judge Jeff Hollingsworth where the case settled. Counsel substantially reduced their hourly time, they never charged Doe or his mother any money for an out-of-pocket retainer, and the settlement reached at mediation was satisfactory to the mother and counsel. It not only provided money to be placed in a special needs trust, but it removed the anxiety and uncertainty of trial.

The parties will bring the settlement agreement to Court for tomorrow's hearing where Plaintiff will request the Court approve the proposed settlement, including the compensation to be paid to Doe and counsel's fee, as fair, reasonable, and in the best interest of the minor, and that this matter thereafter be dismissed with prejudice.

Respectfully submitted,

/s/ Justin S. Gilbert
Justin S. Gilbert (BPR No. 017079)
GILBERT LAW, PLLC
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: (423) 756-8203
justin@schoolandworklaw.com

/s/ Buddy B. Presley, Jr.
Buddy B. Presley, Jr. (BPR #013921)
PRESLEY LAW FIRM

1384 Gunbarrel Road, Suite A
Chattanooga, TN 37421
(423) 826-1800
bpresley@presleylawfirm.com
Counsel for Plaintiff

**Certificate of Service**

I, the undersigned, do hereby certify that on this 12th day of August 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of this filing to all counsel of record.

/s/ Justin S. Gilbert
Justin S. Gilbert